UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee v. DAVID REIP, DENNIS NOSTRANT, and MARCUS LABAT Defendants-Appellants. | CASE NO**: 26-10594** |

## <u>DEFENDANTS' REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANTS' EMERGENCY MOTION TO MODIFY CONDITIONS OF RELEASE</u>

This appeal turns on a narrow but dispositive error: the district court applied RFRA's strict-scrutiny standard without an evidentiary record and without permitting Appellants to present evidence on less restrictive alternatives.

The government has eliminated any dispute about the governing legal framework. It conceded below that Appellants' religious exercise is sincere and that the prohibition on attending services at the House of Prayer Christian Churches ("HOPCC") substantially burdens that exercise. *See* Gov't Resp. to RFRA Mot. at 8–9, Doc. 113. Those concessions trigger RFRA's most demanding form of scrutiny and place the burden squarely on the government to prove—through evidence—that

a categorical prohibition on church attendance is the least restrictive means of furthering its interests.

But no such proof was ever presented. No witnesses testified. No declarations were submitted. No proffer addressed whether narrower alternatives could protect the government's interests. And when Appellants sought a hearing to present that evidence, the district court denied the request and resolved strict scrutiny based on argument alone. *See* Order Denying Mot. to Amend at 2–4, Doc. 154.

That procedure is incompatible with RFRA. The least-restrictive-means inquiry is "exceptionally demanding," requires a case-specific evidentiary showing, and cannot be satisfied through speculation. *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 728 (2014); *Holt v. Hobbs*, 574 U.S. 352, 364–65 (2015); *Gonzales v. O Centro Espírita Beneficente União do Vegetal*, 546 U.S. 418, 430–32 (2006).

Because strict scrutiny was applied without the factual record necessary to resolve the only disputed issue, the order cannot stand.

## SUMMARY OF THE ARGUMENT

The district court's order should be vacated or modified because it rests on an incomplete record and fails to satisfy RFRA's least-restrictive-means requirement.

RFRA prohibits the federal government from substantially burdening religious exercise unless it demonstrates that the burden imposed is the least restrictive means of furthering a compelling governmental interest. 42 U.S.C. § 2000bb-1(b). Once a substantial burden is established—as the government conceded here—the burden shifts entirely to the government to prove that no less restrictive alternative would achieve its objectives. *United States v. Grady*, 18 F.4th 1275, 1285 (11th Cir. 2021); *Davila v. Gladden*, 777 F.3d 1198, 1205–06 (11th Cir. 2015).

Because that was the only disputed issue, an evidentiary hearing was not ancillary—it was the only mechanism by which the court could resolve RFRA's least-restrictive-means requirement.

The Supreme Court has repeatedly held that this inquiry requires a case-specific, evidence-based determination of whether the government can accommodate religious exercise. *O Centro*, 546 U.S. at 430–32. The government must show that it "lacks other means" of achieving its interests without imposing the burden. *Hobby Lobby*, 573 U.S. at 728. And when plausible alternatives exist, it must prove that those alternatives would be ineffective. *Holt*, 574 U.S. at 364–65.

None of that occurred here. The government presented no evidence—by testimony, declaration, or proffer—addressing whether tailored safeguards could permit Appellants to attend services while protecting potential witnesses. Instead, it relied on generalized concerns and speculation. The district court accepted those assertions and denied Appellants' request for a hearing, concluding that no further factual development was necessary. *See* Doc. 154.

RFRA does not permit courts to resolve strict scrutiny in the absence of a factual record addressing less restrictive alternatives. Where, as here, the dispositive issue turns on factual questions of feasibility, the refusal to permit an evidentiary hearing deprives the court of the basis required to apply the statute's demanding standard.

The government's acknowledgment that this case presents a matter of first impression further underscores the necessity of an evidentiary record. Where no established precedent resolves the feasibility of accommodating religious exercise under the specific conditions presented, the least-restrictive-means inquiry cannot be resolved in the abstract. It requires evidence addressing how proposed alternatives would operate in practice. Resolving that inquiry without a hearing deprived the court of the factual basis necessary to apply RFRA's demanding standard.

## ARGUMENT

The district court's order should be vacated or modified because the government failed to carry its burden under RFRA, and the court resolved strict scrutiny without an evidentiary record.

RFRA provides that the federal government may not substantially burden a person's exercise of religion unless it demonstrates that the burden "(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000bb-1(b). Once a substantial burden is established, the burden shifts to the government to prove that the challenged restriction satisfies strict scrutiny. *United States v. Grady*, 18 F.4th 1275, 1285 (11th Cir. 2021); *Davila v. Gladden*, 777 F.3d 1198, 1205–06 (11th Cir. 2015). That standard is "exceptionally demanding" and requires the government to show that it "lacks other means of achieving its desired goal without imposing a substantial burden." *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 728 (2014); *Holt v. Hobbs*, 574 U.S. 352, 364–65 (2015).

Critically, the government's burden is evidentiary and claimant specific. RFRA "requires the Government to demonstrate that the compelling interest test is satisfied through application of the challenged law 'to the person'—the particular claimant whose sincere exercise of religion is being substantially burdened." *Gonzales v. O Centro Espírita Beneficente União do Vegetal*, 546 U.S. 418, 430–31 (2006). The Eleventh Circuit has likewise made clear that once RFRA's burden shifts, the government must engage with and refute the alternatives proposed by the challenger. *Grady*, 18 F.4th at 1285.

That requirement is dispositive here.

The government's response confirms that it presented no evidence addressing the dispositive least-restrictive-means inquiry. It identifies no testimony, declaration, or proffer analyzing whether monitored attendance, restricted

interaction, or other safeguards could mitigate the asserted risks. No probation officer testified regarding supervision. No evidence was presented concerning the structure of church services or the feasibility of enforcement mechanisms. Instead, the government relies on generalized assertions—that HOPCC is the "epicenter" of the alleged conduct, that sermons might influence congregants, and that supervision would be difficult.

But strict scrutiny requires proof, not assertion. *Holt*, 574 U.S. at 364–65; *United States v. Playboy Ent. Grp., Inc.*, 529 U.S. 803, 822 (2000); *Ashcroft v. ACLU*, 542 U.S. 656, 666 (2004). The government must demonstrate that it actually considered and rejected less restrictive alternatives based on evidence, not conjecture. *Holt*, 574 U.S. at 369. As the Eleventh Circuit has recognized, strict scrutiny places the burden squarely on the government, and ambiguous or unsupported proof is insufficient to sustain that burden. *Otto v. City of Boca Raton*, 981 F.3d 854, 868–69 (11th Cir. 2020). Here, there is not merely ambiguous proof— there is none.

The absence of proof is inseparable from the absence of an evidentiary hearing. The least-restrictive-means inquiry is inherently fact-intensive, requiring courts to evaluate feasibility, enforcement mechanisms, and risk in a concrete setting. Where, as here, the dispositive issue turns on factual questions of feasibility, courts may not resolve strict scrutiny without an evidentiary basis. *See Holt*, 574 U.S. at 369; *O Centro*, 546 U.S. at 430–31. Resolving that inquiry without permitting factual development effectively relieves the government of its burden of proof.

The district court nevertheless concluded that a hearing was unnecessary because the existing record was "sufficient." Order Denying Mot. to Amend at 2–4, Doc. 154. But the "record" consisted of argument, not evidence, on the dispositive issue. Argument of counsel is not evidence, and it cannot satisfy the government's burden under strict scrutiny.

The government argues that it had no obligation to present testimony from probation officers. That is correct—but beside the point. Appellants do not contend that RFRA required any particular witness. The point is narrower and dispositive: the government presented no evidence at all—whether through testimony, declaration, or proffer—demonstrating that less restrictive alternatives would fail. RFRA requires the government to prove that it lacks other means of achieving its interests. *Holt*, 574 U.S. at 364–65. That proof may take many forms, but it must exist. Here, it does not.

Nor does the government's reliance on proffer procedures cure that failure. *See United States v. Garcia*, 828 F.2d 667, 669 (11th Cir. 1987). Appellants do not dispute that proffer is permissible in bail proceedings. The problem is that no proof—by proffer or otherwise—was offered on the least-restrictive-means question. *Garcia* addresses the permissible form of evidence, not the absence of evidence.

The government's reliance on other proceedings involving different defendants is likewise unavailing. Those hearings did not involve these Appellants or their counsel, did not address RFRA, and did not develop evidence concerning whether these Appellants could attend services under tailored conditions. The government itself acknowledges that these Appellants "were not the focus" of those hearings. Gov't Resp. at 18. RFRA requires a claimant-specific inquiry. *O Centro*, 546 U.S. at 430–31. Generalized evidence drawn from unrelated proceedings cannot satisfy that requirement.

Similarly, the government's assertion that the magistrate judge "heard from each Defendant individually" does not resolve the issue. Hearing argument about proposed alternatives is not the same as receiving evidence on whether those alternatives would work. RFRA required the government to prove that less restrictive alternatives would fail—not simply to invite proposals and reject them without evidentiary development.

The record reflects that Appellants proposed concrete alternatives, including monitored attendance, seating restrictions, and reinforced no-contact protocols. *See* Mot. to Amend at 3–6, Doc. 147. The government acknowledges that it received and considered those proposals but presented no evidence demonstrating that they would be ineffective. That failure is dispositive under RFRA's burden-shifting framework. When a plaintiff identifies a plausible less restrictive alternative, the government must prove that it will not work. *Holt*, 574 U.S. at 364–65; *Playboy*, 529 U.S. at 822. It did not do so here.

The government's reliance on supervised-release cases involving religious marijuana use does not alter this analysis. *See United States v. Lafley*, 656 F.3d 936 (9th Cir. 2011); *United States v. Israel*, 317 F.3d 768 (7th Cir. 2003); *United States v. Tinoco*, 730 F. App'x 581 (10th Cir. 2018). Those cases involve convicted defendants on supervised release, not pretrial defendants presumed innocent. They involve ongoing conduct requiring continuous monitoring, not discrete attendance at religious services. And they did not involve a district court refusing to permit development of an evidentiary record on proposed alternatives after strict scrutiny was triggered. More importantly, none of those cases alters RFRA's allocation of the burden of proof. Even in those contexts, the government must still demonstrate that less restrictive alternatives would be ineffective. *Holt*, 574 U.S. at 364–65. They do not excuse the government's failure to meet its burden here. Asking for the religious liberty to violate our nations generally applicable drug laws post-conviction is hardly analogous to a pre-conviction defendant, still cloaked in legal innocence, from *attending the church of his choice*.

District courts applying RFRA likewise require an evidentiary basis to evaluate less restrictive alternatives. *See, e.g., United States v. Sterling*, 75 F. Supp. 3d 577, 588–89 (E.D. Va. 2014), rev'd on other grounds, 824 F.3d 601 (4th Cir. 2016). That requirement reflects the basic principle that strict scrutiny cannot be satisfied in an evidentiary vacuum.

The record further underscores the severity of the burden imposed. At the October 15 hearing, the magistrate judge acknowledged that remote viewing is not equivalent to in-person worship, stating that "it's not enough for you to sit on your couch and watch the service" and that attending in person is "true worship." Hr'g Tr. 34–37, Oct. 15, 2025. Having recognized that distinction, the court was required to determine—based on evidence—whether that religious practice could be accommodated through less restrictive means. It did not do so.

At bottom, the district court resolved the only disputed RFRA issue—least restrictive means—without evidence. The government did not prove that less restrictive alternatives would fail, and the court did not evaluate those alternatives on a developed record. Because the government bore the burden under RFRA and failed to present evidence on the least-restrictive-means inquiry, the district court could not properly uphold the restriction. That failure alone warrants vacatur.

Because the government failed to carry its burden and the district court applied strict scrutiny without an evidentiary foundation, the order cannot stand.

## CONCLUSION

The district court applied RFRA's strict-scrutiny standard without the evidentiary record that standard requires. Once the government conceded that the challenged condition substantially burdens Appellants' religious exercise, the burden shifted to the government to prove—through evidence—that no less restrictive alternative would suffice. That proof was never offered.

At minimum, the order should be vacated and the case remanded with instructions that the district court conduct an evidentiary hearing on whether less restrictive alternatives can adequately protect the government's interests.

Because the government failed to carry its burden on the existing record, this Court may also grant relief directly under Federal Rule of Appellate Procedure 9(a)

by modifying the conditions of release to permit Appellants to attend services subject to reasonable safeguards.

For these reasons, Appellants respectfully request that this Court vacate the district court's order and remand for an evidentiary hearing, or, in the alternative, modify the conditions of release.

Respectfully submitted this 30th day of March 2026.

/s/ *Charles Hackney Rollins*
Charles Hackney Rollins
Georgia Bar No. 367169
*Attorney for David Reip*

CHARLES ROLLINS, PC
1450 Green St.
Suite 3600
Augusta, GA  30901
Telephone: 706-814-2361
charles@rollinspc.org

/s/ *Brooks K. Hudson*
Brooks K. Hudson
GA Bar No. 141621
*Attorney for Marcus Labat*

Of Counsel:
Hull Barrett, PC
Post Office Box 1564

Augusta, GA 30903

706-722-4481

bhudson@hullbarrett.com

*/s/ Holly G. Chapman*

Holly G. Chapman

GA Bar No. 512067

*Attorney for Dennis Nostrant*

Davis, Chapman, and Wilder, LLC

1143 Laney Walker Blvd, Suite 201

Augusta, GA 30901

706-200-1578

hchapman@dcwattorneys.com

UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

CASE NO: **26-10594**

UNITED STATES OF AMERICA,
   Plaintiff-Appellee

v.

DAVID REIP, DENNIS NOSTRANT,
and MARCUS LABAT

   Defendants-Appellants.

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to **Federal Rule of Appellate Procedure 32(a)(7)** and **Eleventh Circuit Rule 32-4**, I certify that this motion complies with the applicable type-volume limitation.

This motion contains **2,198 words**, excluding the parts of the motion exempted by **Federal Rule of Appellate Procedure 32(f)**, including the cover page, table of contents, table of authorities, certificates of counsel, and signature block, in compliance with **Federal Rule of Appellate Procedure 27(d)(2)(C)**.

This motion complies with the typeface requirements of **Federal Rule of Appellate Procedure 32(a)(5)** and the type-style requirements of **Federal Rule of Appellate Procedure 32(a)(6)** because it has been prepared in a proportionally spaced typeface using **Microsoft Word in 14-point Times New Roman font**.

   This 30th day of March, 2026.

**CHARLES ROLLINS, P.C.**

*/s/ Charles Hackney Rollins*
CHARLES HACKNEY ROLLINS
Georgia Bar No. 367169

UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

CASE NO: **26-10594**

UNITED STATES OF AMERICA,
  Plaintiff-Appellee

v.


DAVID REIP, DENNIS NOSTRANT,
and MARCUS LABAT

  Defendants-Appellants.

## CERTIFICATE OF SERVICE

The undersigned certifies that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing with this Court.

This 30th day of March, 2026.

**CHARLES ROLLINS, P.C.**
*/s/ Charles Hackney Rollins*
CHARLES HACKNEY ROLLINS
Georgia Bar No. 367169